Lori V. Berke (#015628)
Jody C. Corbett (#019718)
**BERKE LAW FIRM, PLLC**
1601 N. 7th Street, Suite 360
Phoenix, AZ 85006
Phone: (602) 254-8800
Fax:   (602) 254-8808
lori@berkelawfirm.com
jody@berkelawfirm.com

Attorneys for Plaintiffs City of Phoenix, Lillian Melander, Todd Blanc, Scott Melander and Michael Green

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| City of Phoenix, a municipal corporation; Lillian Melander; Todd Blanc; Scott Melander; and Michael Green,<br><br>Plaintiffs,<br>vs.<br><br>U.S. Immigration and Customs Enforcement of the U.S. Department of Homeland Security; Jose R. Solis, Assistant Chief Counsel, Office of the Principal Legal Advisor, U.S. Department of Homeland Security; Nicole Guzman, Chief Counsel, Office of the Principal Legal Advisor, U.S. Department of Homeland Security,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 5 U.S.C. §§ 702-706** |

Plaintiffs City of Phoenix, Lillian (Fine) Melander, Todd Blanc, Scott Melander, and Michael Green ("Plaintiffs"), through undersigned counsel, bring this action for declaratory and injunctive relief as follows:

1

1. This is an action arising under the Administrative Procedures Act, 5 U.S.C. §§ 702-706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

2. Plaintiffs seek injunctive and other appropriate relief, including production by Defendants U.S. Immigration and Customs Enforcement, Jose R. Solis, and Nicole Guzman ("Defendant") of two U.S. Immigration and Customs Enforcement ("ICE") employees for depositions as fact witnesses in the lawsuit captioned Khalaj v. City of Phoenix, et al., CV-17-01199-PHX-GMS (JZB) ("Khalaj Lawsuit").

3. Specifically, Plaintiffs request that this Court enter an order compelling Defendants to authorize the deposition testimony of Homeland Security Investigation ("HSI") Agents Coulter Bidwell and Sherri Boymistruk, who have critical testimony relevant to the facts at issue in the Khalaj Lawsuit that is not available from other sources.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over the subject matter and the parties to this suit pursuant to 28 U.S.C. § 1331, 5 U.S.C. § 702, and 28 U.S.C. § 2201.

5. The denial of Plaintiffs' requests pursuant to United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), for deposition testimony from Agents Bidwell and Boymistruk constitutes "final agency action for which there is no other adequate remedy." 5 U.S.C. § 704.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1) because this is an action against an agency of the United States, at least one defendant resides in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

7. Plaintiff City of Phoenix is a municipality in the State of Arizona. Plaintiffs Lillian (Fine) Melander, Todd Blanc, Scott Melander, and Michael Green (collectively "Phoenix Officers"), were all employed as police officers with the City of Phoenix and were acting in the course and scope of their employment at all times relevant to the claims brought against them in the Khalaj Lawsuit.

8. Defendant U.S. Immigration and Customs Enforcement of the U.S. Department of Homeland Security ("DHS") is part of an executive department of the United States government, see 10 U.S.C. § 111, and is an "agency" within the meaning of 5 U.S.C. § 701.

9. Defendant Jose R. Solis is Assistant Chief Counsel in the Office of the Principal Legal Advisor, DHS. Mr. Solis is authorized to permit ICE and DHS employees to be deposed as witnesses concerning personal knowledge and official ICE/DHS information pursuant to 6 C.F.R. §§ 5.41-5.49.

10. Defendant Nicole Guzman is Chief Counsel in the Office of the Principal Legal Advisor, DHS. Ms. Guzman is authorized to permit ICE and DHS employees to be deposed as witnesses concerning personal knowledge and official ICE/DHS information pursuant to 6 C.F.R. §§ 5.41-5.49.

## *KHALAJ* LAWSUIT

11. Plaintiffs are the named Defendants in the Khalaj Lawsuit, which was brought by David Khalaj and Juliet Youmaran, and is currently pending in this Court.

12. In the Khalaj Lawsuit, Khalaj and Youmaran allege that the Phoenix Officers are liable to them under 42 U.S.C. § 1983 for false arrest and excessive force. They allege that the City of Phoenix is liable to them under 42 U.S.C § 1983 for failure to train and supervise and under Arizona law for negligent training and supervision. See Second Amended Complaint in Khalaj Case, attached hereto as Exhibit 1.

13. Khalaj and Youmaran allege that on January 1, 2016, they were returning to the United States from Mexico and entered the customs area at Sky Harbor International Airport. (See Exhibit 1, ¶ 14).

14. They claim that when Khalaj attempted to leave the secured customs area to get something to eat, Khalaj and Youmaran were "beat[en]" and "assaulted" and then unlawfully detained by Customs and Border Protection ("CBP") Officers. (See Exhibit 1, ¶¶ 15-17).

15. Khalaj and Youmaran further allege that the Phoenix Officers were "summoned" to the Customs Area of the airport and took over the unlawful detention and used unreasonable force against them. (See Exhibit 1, ¶¶ 18-19).

16. In fact, there was an altercation in the Customs Area between Khalaj and Youmaran and several Customs and Border Protection ("CBP") Officers, during which some of the CBP officers were assaulted and injured by Khalaj and Youmaran.

17. Khalaj and Youmaran were taken into custody by CBP Officers, handcuffed and placed in holding cells so that an investigation of the incident could be conducted.

18. The Phoenix Officers were dispatched to the customs area and stood by while two agents from ICE/Homeland Security Investigations ("HSI"), Agent Coulter Bidwell

and Agent Sherri Boymistruk, conducted an investigation. Said investigation included interviews of CBP Officers, Khalaj and Youmaran and viewing video surveillance footage of the altercation and Khalaj and Youmaran in the holding cells.

19. After approximately six hours, Khalaj and Youmaran were transported to the hospital because they had complained of injuries several times, resulting in the Fire Department responding to Customs on three different occasions. After the Phoenix Fire Department was called a third time, Phoenix Fire Department personnel made the decision in accordance with their department policy to transport Plaintiffs to the hospital to be evaluated.

20. While Khalaj and Youmaran were at the hospital, the Assistant United States Attorney on call made the decision not to bring federal charges against Khalaj and Youmaran.

21. After conferring with Agents Bidwell and Boymistruk about the results of their investigation and after having reviewed the video of the subject incident, Phoenix Police Sergeant Michael Green determined there was probable cause to arrest Khalaj and Youmaran.

22. Khalaj was booked into jail by the Phoenix Police Department for the crimes of aggravated assault on a peace officer under Arizona law and threatening and intimidating.

23. Youmaran was booked into jail by the Phoenix Police Department for the crime of aggravated assault on a peace officer.

24. None of the Phoenix Officers were present at the time of the altercation between Khalaj and Youmaran and CBP Officers, and the primary investigation of the incident, including interviews of Khalaj and Youmaran, was conducted by Agents Bidwell and Boymistruk.

25. Agents Bidwell and Boymistruk then communicated what they learned during their investigation to Sergeant Green.

26. The testimony of Agents Bidwell and Boymistruk is critical for the Plaintiffs to defend themselves against the allegations of Khalaj and Youmaran in the Khalaj Lawsuit because it is the only admissible evidence available to Plaintiffs regarding the statements Khalaj and Youmaran made to Agents Bidwell and Boymistruk during the January 1, 2016 investigation, and Agents Bidwell and Boymistruk are the only individuals who can corroborate what Plaintiffs contend was told to them by Agents Bidwell and Boymistruk that supports the determination of probable cause to arrest Khalaj and Youmaran, including perhaps recalling information they communicated to Plaintiffs that Plaintiffs do not recall from over four years ago.

**RELATED CASE AGAINST UNITED STATES – *KHALAJ II* LAWSUIT**

27. Khalaj and Youmaran also filed a federal lawsuit against the United States pursuant to the Federal Tort Claims Act. See Khalaj v. United States, CIV-17-04802-DJH-CDB ("Khalaj II Lawsuit").

28. In discovery requests propounded in the Khalaj Lawsuit in November 2019, Plaintiffs requested copies of all transcripts of the depositions taken in the Khalaj II Lawsuit, but did not receive them until February 6, 2020.

6

29. The deposition of Agent Bidwell was taken in the Khalaj II Lawsuit, but he was not questioned at that deposition regarding the specific statements Khalaj and Youmaran made to him during their interviews or about the statements he made to the Phoenix Officers regarding the information he obtained during his investigation.

30. The deposition of Agent Boymistruk was not taken in the Khalaj II Lawsuit.

## DENIED *TOUHY* REQUESTS

31. Before they obtained copies of the deposition transcripts from the Khalaj II Lawsuit, Plaintiffs sought the deposition testimony of Agents Bidwell and Boymistruk from Defendants for use in the Khalaj Lawsuit in a letter sent pursuant to Touhy and 6 C.F.R. §§ 5.41-5.49 to Defendant Solis, dated January 15, 2020, attached hereto as Exhibit 2.

32. In a letter dated February 6, 2020, Defendants denied Plaintiffs' Touhy renewed request for the following reasons:

> ICE considered the following factors when evaluating your January 15, 2020 request: (1) whether compliance would be unduly burdensome or otherwise inappropriate; (2) whether compliance is appropriate under the relevant substantive law concerning privilege or disclosure of information; (3) the public interest; (4) the need to conserve the time of DHS employees for the conduct of official business; (5) the need to avoid spending the time and money of the United States for private purposes; (6) the need to maintain impartiality between private litigants in cases where a substantial government interest is not implicated; (7) whether compliance would have an adverse effect on performance by the DHS of its mission and duties; and (8) the need to avoid involving the DHS in controversial issues not related to its mission. *See* 6 C.F.R. § 5.48(a).
>
> ICE has determined your January 15, 2020 correspondence fails to fully comply with the factors set forth in the DHS *Touhy* regulations. You request involves again removing a DHS employee from his official duties and involves the DHS expending time and resources in a legal matter to which the DHS is not a named party. You have failed to adequately show that testimony from Agents Colter Bidwell and Sherry Boymistruk is essential and will differ from the testimony proffered by other law enforcement agents who were

7

present on the date in question. Further, Special Agents Colter Bidwell and Sherry Boymistruk provided investigative reports, depositions, and trial testimony in *Khalaj II*.

See Letter from Nicole Guzman and Jose R. Solis to Jody C. Corbett, dated February 6, 2020, p. 2, attached hereto as Exhibit 3.

33. Essentially, the only reasons given for the summary denial of the Touhy request were (1) that allowing the agents to testify would involve expending DHS time and resources in a matter to which DHS is not a named party and (2) Plaintiffs did not adequately show that the agents' testimony was "essential" and would differ from the testimony of other witnesses or the reports prepared by the agents.

34. The denial letter incorrectly states that Agent Boymistruk provided investigative reports, a deposition, and trial testimony in the Khalaj II Lawsuit. In fact, she did not.

35. The denial letter also incorrectly states that Agent Bidwell provided trial testimony in the Khalaj II Lawsuit. In fact, a trial has not yet taken place in that case.

36. After Plaintiffs had the opportunity to review the deposition testimony of Agent Bidwell in the Khalaj II Lawsuit and confirmed that Agent Boymistruk was not deposed in the Khalaj II Lawsuit, they renewed their Touhy request to take the depositions. See Letter to Nicole Guzman and Jose R. Solis from Jody C. Corbett, date May 8, 2020, attached hereto as Exhibit 4.

37. This renewed Touhy request narrowed the topics on which Plaintiffs requested to depose Agent Bidwell as follows:

- The statements made by David Khalaj and Juliet Youmaran during the agents' interviews of them on January 1, 2016.

8

- All statements Agent Bidwell made to Sergeant Green or any other City of Phoenix Police Officer regarding the information he obtained during his interviews of David Khalaj and Juliet Youmaran and the CBP officers.

See Exhibit 4, p. 2.

38. Plaintiffs also narrowed the topics on which they requested to depose Agent Boymistruk as follows:

- The statements made by David Khalaj and Juliet Youmaran during the agents' interviews of them on January 1, 2016.
- The statements made by the CBP officers who were assaulted by David Khalaj and/or Juliet Youmaran.
- All conversations she had with Sergeant Green or any other City of Phoenix Police Officer regarding the results of the HSI investigation of David Khalaj and Juliet Youmaran and/or conversations she heard between Agent Bidwell and Sergeant Green or any other City of Phoenix Police Officer.

See Exhibit 4, pp. 2-3.

39. Despite Plaintiffs having significantly narrowed the topics on which they requested to depose the agents and setting forth the specific reasons for the request and why the testimony is relevant and essential to the Khalaj, Defendants denied the renewed Touhy request. See Letter from Nicole Guzman and Jose R. Solis to Jody C. Corbett, dated May 13, 2020, attached hereto as Exhibit 5.

40. The basis for denial in the second letter is nearly identical to the basis for denial in the first:

> ICE considered the following factors when evaluating your January 15, 2020 request: (1) whether compliance would be unduly burdensome or otherwise inappropriate; (2) whether compliance is appropriate under the relevant substantive law concerning privilege or disclosure of information; (3) the public interest; (4) the need to conserve the time of DHS employees for the conduct of official business; (5) the need to avoid spending the time and money of the United States for private purposes; (6) the need to maintain impartiality between private litigants in cases where a substantial government interest is not implicated; (7) whether compliance would have an adverse

9

effect on performance by the DHS of its mission and duties; and (8) the need to avoid involving the DHS in controversial issues not related to its mission. *See* 6 C.F.R. § 5.48(a).

ICE has determined your May 8, 2020 correspondence fails to fully comply with the factors set forth in the DHS *Touhy* regulations. Your request involves again removing a DHS employee from his official duties and involves the DHS expending time and resources in a legal matter to which the DHS is not a named party. You have failed to adequately show that testimony from Agents Coulter Bidwell and Sherry Boymistruk is essential and will differ from the testimony proffered by other law enforcement agents who were present on the date in question. Further, Special Agent Coulter Bidwell provided investigative reports, depositions, and trial testimony in *Khalaj II*.

See Exhibit 5, p. 2.

41. Again, Defendants summarily denied the Touhy request claiming (1) that allowing the agents to testify would involve expending DHS time and resources in a matter to which DHS is not a named party and (2) Plaintiffs did not adequately show that the agents' testimony is "essential" and would differ from the testimony of other witnesses or the reports prepared by the agents.

42. The second denial letter also incorrectly states that Agent Bidwell has provided trial testimony in the Khalaj II Lawsuit.

**RELEVANCE AND ESSENTIAL NATURE OF REQUESTED TESTIMONY**

43. The requested testimony of Agents Bidwell and Boymistruk is relevant and essential to the Plaintiffs' defense of the claims brought against them in the Khalaj Lawsuit.

44. These agents were the primary investigators of the crimes committed by Khalaj and Youmaran and they communicated the results of their investigation to the Phoenix Officers.

45. During their investigation, Agents Bidwell and Boymistruk interviewed Khalaj and Youmaran and prepared summaries of those interviews in a report.

46. According to the report prepared by Agent Bidwell, Khalaj made the following admissions during his interview with the Agents:

- He became agitated when he was told he had to wait for his children before he could leave the customs area.
- When a CBP Officer attempted to take him by his wrist, he "pulled violently away from this CBP officers."
- As the CBP officers attempted to handcuff him, he began to struggle and he "hit, kicked and bit the CBP Officers present."
- He was shouting at the CBP officers at this time.

47. According to the report prepared by Agent Bidwell, Youmaran made the following admissions during her interview with the Agents:

- A CBP Officer touched Khalaj on the shoulder and asked him to sit down and Khalaj became agitated.
- CBP Officers then began to push Khalaj toward the seating area, and Khalaj "began to struggle with them."
- She and Khalaj were both shouting at CBP Officers.
- After Youmaran was placed in the holding cell, CBP Officers noticed that she still had her cell phone and told her to hand it over, but she refused and they had to take it from her.

48. Without the authentication and foundation for these statements established through the deposition testimony of Agents Bidwell and Boymistruk, the statements are inadmissible hearsay that cannot be used by Plaintiffs in defense of the <u>Khalaj</u> Lawsuit.

49. Additionally, the agents' testimony is expected to establish that they provided the information they learned during their investigation to the Phoenix Officers.

50. Thus, the agents' testimony will greatly assist the Phoenix Officers in proving they had probable cause to arrest Khalaj and Youmaran.

51. Under the factors set forth in 6 C.F.R. § 5.48(a), the <u>Touhy</u> request is reasonable and not unduly burdensome to ICE/DHS and is essential to Plaintiffs' defense.

52. First, under 6 C.F.R. § 5.48(a)(1), compliance with the request would not be unduly burdensome or otherwise inappropriate under the applicable rules of discovery or the rules of procedure governing the case or matter in which the demand arose. The Federal Rules of Civil Procedure permit the testimony of witnesses with first-hand knowledge about the events at issue in a case that is relevant and proportional to the needs of the case. Agents Bidwell and Boymistruk were the HSI investigators who responded to investigate the assaults of five CBP officers by Plaintiffs and were the primary investigators. Their testimony is unique and not cumulative and is proportional to the need Defendants have to defend their case. Agent Bidwell did not provide specific testimony in his deposition in the <u>Khalaj II</u> Lawsuit regarding his interviews of Plaintiffs or what he told Sergeant Green about the information he obtained during the investigation. Agent Boymistruk has never testified at deposition, or otherwise. Therefore, Plaintiffs have no other way to obtain the requested testimony other than from taking the agents' depositions and this factor weighs in favor of the agents being allowed to testify in this case.

53. Under 6 C.F.R. § 5.48(a)(2), compliance is appropriate under the relevant substantive law concerning privilege or disclosure of information. There is no substantive law that would make the proposed testimony of the agents privileged. They investigated the events at issue which resulted in Khalaj and Youmaran's arrests. Even though Agent Bidwell testified at deposition in the Plaintiffs' case against the United States, that

deposition testimony is not admissible under the Federal Rules of Evidence unless Agent Bidwell is not available to testify.

54. Under 6 C.F.R. § 5.48(a)(3), the public has an interest in the resolution of lawsuits on the merits with all available evidence. Rule 1 of the Federal Rules of Civil Procedure provides that the rules, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Allowing these two agents to testify on the limited bases set forth in Exhibit 4 would promote the public's interest in the just and speedy determination of this action.

55. Under 6 C.F.R. § 5.48(a)(4), the need to conserve the time of Department employees for the conduct of official business has been addressed. It will only take a few hours for these two investigators to appear for their depositions and testify on these limited topics (likely no more than two-three hours each). Additionally, if either of the two agents do not reside in the Phoenix area, their depositions can be taken using video conferencing through WebEx. Also, the time needed to prepare should be short since they have personal knowledge of the events at issue.

56. Under 6 C.F.R. § 5.48(a)(5), the need to avoid spending the time and money of the United States for private purposes has also been addressed. Plaintiffs are a governmental entity and government employees. Khalaj and Youmaran are pursuing a related case against the United States. Thus, the time and money of the United States would not be spent for private purposes, but it would be spent for the purposes of another

governmental entity defending a lawsuit that is related to a lawsuit against the United States.

57. Under 6 C.F.R. § 5.48(a)(6), the need to maintain impartiality between private litigants in cases where a substantial government interest is not implicated has also been addressed. First, even though a substantial federal government interest is not directly at issue in this case, the substantial local government interest at stake relates to the federal government's interest in the maintenance of law and order in its customs and border patrol area. There is also a related case brought against the United States by Khalaj and Youmaran involving some of the same events. Thus, a substantial government interest is implicated. Even so, by testifying in this case, the two agents would remain impartial to the issues between Plaintiffs and Khalaj and Youmaran because the agents would be providing their personal knowledge of their investigation of Plaintiffs' assault on the Federal agents.

58. Under 6 C.F.R. § 5.48(a)(7), compliance would not have an adverse effect on performance by the Department of its mission and duties. Allowing these two agents to testify about their personal knowledge in conducting their investigation of Khalaj and Youmaran's criminal conduct will not have an adverse effect on the performance of the Department of its mission and duties.

59. Under 6 C.F.R. § 5.48(a)(8), the need to avoid involving the department in controversial issues not related to its mission has been addressed. One of the missions of the department is to oversee and provide law and order in the customs and border areas of airports. At issue in this case is whether Khalaj and Youmaran committed felony criminal

acts against five employees of the federal government and if their arrest was lawful. Indeed, the fact that Khalaj and Youmaran have sued the United States in a related case in federal court demonstrates that this case is related to the department's mission. Thus, the issues in the Khalaj Case are related to the mission of the department and allowing the agents to testify will not involve the department in controversial issues not related to its mission.

60. None of the circumstances set forth in 6 CFR § 5.48(b) for which disclosure will not be authorized apply in this case. Allowing these agents to testify will not violate any statutes, rules of procedure, regulations, or Executive Orders. Additionally, allowing them to testify will not reveal classified or confidential information or reveal a confidential source or informant. Finally, disclosure will not reveal the internal deliberative processes of the Executive Branch or potentially impede or prejudice an on-going law enforcement investigation.

61. Further, the Ninth Circuit Court of Appeals held in Exxon Shipping Co. v. U.S. Dep't of Interior, 34 F.3d 774, 780 (9th Cir. 1994), that when the testimony of non-party federal employees is sought in another federal district court case, "district courts should apply the federal rules of discovery when deciding on discovery requests made against government agencies, whether or not the United States is a party to the underlying action. Under the balancing test authorized by the rules, courts can ensure that the unique interests of the government are adequately considered."

62. Thus, this Court can also consider whether the testimony of the agents sought by Plaintiffs is relevant and discoverable under Fed. R. Civ. P. 26 and 45.

## CAUSE OF ACTION

63. All preceding paragraphs are re-alleged and incorporated herein as if fully set forth in this paragraph.

64. Under 6 C.F.R. § 5.48, it is ICE policy that requests for testimony will be considered based on several factors including the applicable rules of discovery and procedure for the underlying matter and the relevant substantive law concerning disclosure of information.

65. Under 6 C.F.R. §§ 5.41-5.49, Defendants Solis and Guzman are authorized to allow the release of official ICE information through deposition testimony.

66. Defendants Solis and Guzman have refused to authorize the limited deposition testimony of Agents Bidwell and Boymistruk that is sought by Plaintiffs.

67. Due to that refusal, the limited and relevant testimony of Agents Bidwell and Boymistruk sought by Defendants is unavailable to them.

68. Neither 5 U.S.C. § 301 nor 6 CFR §§ 5.41-5.49 authorizes Defendants to withhold the information sought by Plaintiffs through the limited deposition testimony of Agents Bidwell and Boymistruk.

69. Defendants' refusal to comply with Plaintiffs' <u>Touhy</u> requests constitutes final agency action that adversely affects Plaintiffs.

70. Defendants' refusal to comply with Plaintiffs' <u>Touhy</u> requests exceeded statutory jurisdiction, authority, or limitations, in violation of the Administrative Procedure Act.

71. Defendants' refusal to comply with Plaintiffs' Touhy requests was arbitrary, capricious, and an abuse of discretion, in violation of the Administrative Procedure Act.

72. Further, pursuant to Exxon Shipping Co., the testimony of the agents sought by Plaintiffs is relevant and discoverable under Fed. R. Civ. P. 26 and 45.

73. The Court should hold unlawful and set aside Defendants' refusal to comply with Plaintiffs' Touhy requests under 5 U.S.C. § 706(2).

### RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Declare that the Defendants' refusal to allow the limited deposition testimony sought by Plaintiffs and to comply with Plaintiffs' Touhy requests exceeds statutory jurisdiction, authority, or limitations;

2. Declare that the Defendants' refusal to allow the limited deposition testimony sought by Plaintiffs and to comply with Plaintiffs' Touhy requests is arbitrary, capricious, and an abuse of discretion;

3. Order the Defendants to comply with Plaintiffs' Touhy requests by permitting Plaintiffs to take the depositions of Agents Bidwell and Boymistruk on the limited topics set forth in the Touhy request attached hereto as Exhibit 4.

4. Award costs and reasonable attorneys' fees incurred in bringing and prosecuting this action pursuant to 28 U.S.C. § 2412 and as permitted by any other law; and

5. Grant such other relief as the Court may deem just and proper.

. . .

. . .

17

DATED this 22nd day of May, 2020.

**BERKE LAW FIRM, PLLC**

By  s/ Jody C. Corbett
Lori V. Berke
Jody C. Corbett
Attorneys for Plaintiffs City of Phoenix, Officer Lillian (Fine) Melander, Officer Todd Blanc, Retired Officer Scott Melander and Retired Sergeant Michael Green

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

 s/ Jody C. Corbett